THE MAYOR AND COUNCIL OF THE BOROUGH OF SPRING LAKE, respondent,

*v.*

KARL T. POLAK and WILLIAM G. JOHNSON, appellants.

[Argued June 22d, 1910.   Decided November 14th, 1910.]

1. A dedication of land which arises in part out of deeds for lots delineated upon a map is subject to private rights created by the deeds not inconsistent with the dedication.

2. A provision in deeds for lots delineated upon a map out of which in part there arises a dedication of an ocean beach, that lot owners may erect neat bath houses, is not inconsistent with the ordinary purposes for which such a beach is used.

3. Deeds for lots delineated upon a map upon which a portion of the tract was marked "beach," provided that all the land designated as beach should be open and free to the use of all the lot owners, but no buildings except neat bath houses should be erected thereon, and those only by owners of certain lots.—*Held*, that the effect of the provision was to give the owners of those lots the right to erect bath houses.

4. The right of lot owners to erect bath houses upon ·an ocean beach includes the right to maintain such ropes for bathing as are in common use.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Howell, whose opinion is reported in *76 N. J. Eq.* (*6 Buch.*) *212*.

*Mr. Robert H. McCarter* (*Messrs. Durand, Ivins & Carton,* on the brief), for the respondent.

Mr. Richard V. Lindabury (Mr. Aaron E. Johnston, on the brief), for the appellants.

The opinion of the court was delivered by

SWAYZE, J.

We agree with the learned vice-chancellor that the deeds, the map, the conduct of the lot owners and of the municipality taken together manifest an intention on the part of all concerned to consider the property as property devoted to public uses. We agree, also, with the view expressed by Mr. Justice Dixon in the case of the *Borough of Spring Lake* v. *Shipley,* that the deeds for the several lots on the Brighton Land Association map did not, of themselves, dedicate the bluff and beach to public use, and that their legal effect was to vest the fee of the bluff and beach in the grantees of the lots fronting on Ocean avenue, subject to a common right in all the owners of the lots on the map to have the bluff kept open and free as a park or promenade for their use, and to have the beach kept open and free for their use. We agree, also, with the view expressed by him that this common right is subject to the right of the owners of lots fronting on Ocean avenue to erect light, open and neat summer-houses on the bluff, and neat bath houses on the beach in front of their respective lots. The learned vice-chancellor deduced from these propositions a right on the part of the borough to prevent the owners of lots fronting on Ocean avenue erecting ropes for bathing purposes. In this we think he erred. The public right which the borough is seeking to vindicate arises in part out of the deeds for lots delineated on a map, and those deeds expressly provide that all the land designated on the map as beach shall be open and free to the use of all the owners of lots on said map, but no buildings except neat bath houses shall be erected thereon, and such bath houses may be erected only by owners of lots fronting on Ocean avenue in front of their respective lots. The effect of this provision in the deeds was to give the owners of lots fronting on Ocean avenue the right to erect bath houses, and since that right preceded and was in part the foundation of the public right, the dedication was necessarily

subject to burdens created by that provision of the deeds not inconsistent with the dedication, and so Mr. Justice Dixon held in the *Shipley Case,* with reference to the right of the owner to maintain summer-houses on the bluff. A dedication subject to a burden of this character is permissible. *Ayres* v. *Pennsylvania Railroad Co., 52 N. J. Law (23 Vr.) 405; Tallon* v. *Hoboken, 59 N. J. Law (30 Vr.) 383.* Such a burden is not inconsistent with the use of the beach for the ordinary purposes for which it is used.

The only question then is whether the right of the lot owners to erect bath houses upon the beach includes also the right to maintain ropes for bathing, such as are in common use along our coast. The only possible object of permitting the owners to maintain bath houses was to afford facilities for bathing in the ocean, and it appears in the case that in order that people may bathe in safety, ropes are, if not absolutely necessary, at least reasonably necessary. Indeed, one of the contentions on the part of the complainant was that the ropes maintained by the defendants were not of such character as to make the bathing as safe as it should be. The right of the lot owners to maintain bath houses would be quite useless if they could not also provide the appliances reasonably necessary for bathing. This is all that the defendants have done. While they themselves are not lot owners, they appear to have acted by the authority of the lot owners, and the evidence shows that the ropes maintained by them interfered as little as possible with the use of the beach by the public for a promenade.

The specific relief claimed by the complainant was an injunction restraining the erection and maintenance of bathing poles or lines on the beach front, and a decree that the defendants remove the poles and lines maintained by them. While there was a prayer that they might be restrained from maintaining any nuisance and for other relief, there was no proof in the case that anything else was claimed to be a nuisance, or that the complainants desired any other relief.

The decree, therefore, must be reversed, and the record remitted and the bill dismissed. The defendants are entitled to costs.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, BOGERT, DILL, CONGDON—10.